TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Nitzkin & Associates
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Alfonso Antillon*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfonso Antillon, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc. an Ohio corporation, Trans Union, LLC, a Delaware limited liability company; Equifax Information Services, LLC, a Georgia corporation; Bank of America, National Association, a North Carolina company, | **JURY TRIAL DEMANDED** |
| Defendants. | |

NOW COMES THE PLAINTIFF, ALFONSO ANTILLON, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681p and 28 U.S.C. §§1331, and 1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio corporation that maintains a registered agent in Maricopa County, Arizona;

   b. Trans Union, LLC ("Trans Union"),  which is an Delaware company that maintains a registered agent in Maricopa County, Arizona;

c. Equifax Information Services, LLC ("Equifax"), which is a Georgia company that maintains a registered agent in Maricopa County, Arizona; and

d. Bank of America, National Association ("BOA"), which is a North Carolina corporation that maintains a registered agent in Maricopa County, Arizona.

## **GENERAL ALLEGATIONS**

6. Bank of America is reporting its trade line with account number 15752\*\*\*\* ("Errant Trade Line) on Plaintiff's Trans Union, Equifax, and Experian credit files with a balance, past due and charge off amount of $41,098.00.  This is false as Mr. Antillon does not owe any balance regarding this trade line.

7. The Errant Trade Line is regarding Mr. Antillon's second mortgage, which was foreclosed.  This second mortgage was used to purchase the home.  Pursuant to Arizona's Anti Deficiency Statute at A.R.S. 33-814(G), a lender is not entitled to any deficiency balance after a mortgage foreclosure if the proceeds of the loan were used to purchase a home.

8. Sometime before June 2014, Mr. Antillon obtained his credit files and noticed the balance on the Errant Trade Line.

3

9. On or about June 3, 2014, Mr. Antillon submitted a letter to Trans Union, Equifax, and Experian ("Credit Reporting Agencies" or "CRAs"), disputing the balance on the Errant Trade Line.

10. Upon information and belief, Defendants Experian, Trans Union, and Equifax forwarded Mr. Antillon's dispute to Defendant Bank of America.

11. On or about August 4, 2014, Mr. Antillon received Trans Union's investigation results, which showed that Bank of America retained the balance on the Errant Trade Line.

12. On or about August 5, 2014, Mr. Antillon submitted a letter directly to Bank of America, disputing the Errant Trade Line again.

13. On or about August 15, 2014, Mr. Antillon received a letter from Bank of America, which stated that it was updating his credit files to report the Errant Trade Line as charged off as of 3/14/2011 with a zero balance due.

14. On or about August 20, 2014, Mr. Antillon received Equifax's investigation results, which showed that Bank of America retained the balance and past due amount of $41,098.00 on the Errant Trade Line.

15. On or about July 22, 2015, Mr. Antillon obtained new credit files, which showed that Bank of America continued to report the balance of $41,098 on the Errant Trade Line.

4

16. Mr. Antillon submitted another letter to the CRAs, disputing the balance on the Errant Trade Line on September 29, 2015, and then again on October 7, 2015.

17. Upon information and belief, Defendants Experian, Trans Union, and Equifax forwarded Mr. Antillon's second and third disputes to Defendant Bank of America.

18. On or about October 10, 2015, Mr. Antillon received Trans Union's investigation results, which showed that Bank of America retained the balance of $41,098.00 on the Errant Trade Line.

19. On or about October 16, 2015, Mr. Antillon received Equifax's investigation results, which also showed that Bank of America retained the balance and past due amount of $41,098.00 on the Errant Trade Line.

20. On or about October 21, 2015, Mr. Antillon received Experian's investigation results, which showed that the Errant Trade Line was not changed as a result of its processing of Mr. Antillon's dispute.

## <u>COUNT I</u>

## **NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BOA**

21. Plaintiff re-alleges the above paragraphs as if recited verbatim.

22. After being informed by the CRAs of the Plaintiff's consumer disputes regarding the Errant Trade Line, BOA negligently failed to conduct a proper reinvestigation of the Plaintiff's disputes as required by 15 USC 1681s-2(b).

23. BOA negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct the CRAs to remove the balance and past due amount from the Errant Trade Line from Mr. Antillon's consumer credit reports.

24. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Antillon's consumer credit file with Experian, Trans Union and Equifax to which it is reporting such trade line.

25. As a direct and proximate cause of BOA's negligent failure to perform its duties under the FCRA, Mr. Antillon has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. BOA is liable to Mr. Antillon by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

27. Mr. Antillon has a private right of action to assert claims against BOA arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against BOA for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BOA

28. Plaintiff re-alleges the above paragraphs as if recited verbatim.

29. After being informed by the CRAs that Mr. Antillon disputed the accuracy of the information it was providing, BOA willfully failed to conduct a proper reinvestigation of Mr. Antillon's dispute.

30. BOA willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

31. As a direct and proximate cause of BOA's willful failure to perform its respective duties under the FCRA, Mr. Antillon has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

32. BOA is liable to Mr. Antillon for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

7

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against BOA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

33. Plaintiff re-alleges the above paragraphs as if recited verbatim.

34. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Antillon as that term is defined in 15 USC 1681a.

35. Such reports contained information about Mr. Antillon that was false, misleading, and inaccurate.

36. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Antillon, in violation of 15 USC 1681e(b).

37. After receiving Mr. Antillon's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Antillon has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

8

39. Experian is liable to Mr. Antillon by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

40. Plaintiff re-alleges the above paragraphs as if recited verbatim.

41. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Antillon as that term is defined in 15 USC 1681a.

42. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

43. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Antillon, in violation of 15 USC 1681e(b).

44. After receiving Mr. Antillon's consumer disputes to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

9

45. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Antillon has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

46. Experian is liable to Mr. Antillon by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

47. Plaintiff re-alleges the above paragraphs as if recited verbatim.

48. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Antillon as that term is defined in 15 USC 1681a.

49. Such reports contained information about Mr. Antillon that was false, misleading, and inaccurate.

50. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Antillon, in violation of 15 USC 1681e(b).

51. After receiving Mr. Antillon's consumer disputes to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

52. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Antillon has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

53. Trans Union is liable to Mr. Antillon by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

54. Plaintiff re-alleges the above paragraphs as if recited verbatim.

55. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Antillon as that term is defined in 15 USC 1681a.

56. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

11

57. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Antillon, in violation of 15 USC 1681e(b).

58. After receiving Mr. Antillon's consumer disputes to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

59. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Antillon has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

60. Trans Union is liable to Mr. Antillon by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

61. Plaintiff re-alleges the above paragraphs as if recited verbatim.

62. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Antillon as that term is defined in 15 USC 1681a.

63. Such reports contained information about Mr. Antillon that was false, misleading, and inaccurate.

64. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Antillon, in violation of 15 USC 1681e(b).

65. After receiving Mr. Antillon's consumer disputes to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

66. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Antillon has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

67. Equifax is liable to Mr. Antillon by reason of its violation of the FCRA in an amount to be determined by the trier fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that the court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

68. Plaintiff re-alleges the above paragraphs as if recited verbatim.

69. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Antillon as that term is defined in 15 USC 1681a.

70. Such reports contained information about Mr. Antillon that was false, misleading, and inaccurate.

71. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Antillon, in violation of 15 USC 1681e(b).

72. After receiving the Plaintiff's consumer disputes to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

73. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Antillon has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

14

74. Equifax is liable to Mr. Antillon by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by Jury.

DATED:  January 7, 2016                    LAW OFFICES OF KENT AND KENT

                                           By: _ /s/  Trinette G. Kent _____
                                           Trinette G. Kent
                                           Attorneys for Plaintiff,
                                           Alfonso Antillon